Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL 33131-2339
Tel. 305.415.3000
Fax: 305.415.3001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Robert M. Brochin**
305.415.3456
rbrochin@morganlewis.com

January 15, 2014

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, California 94103-1526

Re:   *Robinson, et al. v. American Home Mortgage Servicing, Inc. et al.*,
      No. 11-17615

Dear Ms. Dwyer:

Pursuant to Rule 28(j), undersigned Appellees respond to Appellants' letter submitting *Pilgeram v. Greenpoint Mortgage Funding, Inc.*, 313 P.3d 839 (Mont. 2013), as supplemental authority. *Pilgeram* is simply not pertinent to this appeal.

In their supplemental authority letter, Appellants assert that *Pilgeram* supports the contention in their wrongful foreclosure claim and "False Document claim" that "MERS [is] not a 'beneficiary.'" But *Pilgeram* is a decision by the *Montana Supreme Court* interpreting Montana's Small Tract Financing Act, a *Montana* statute, under *Montana* law. This appeal does not involve Montana law; Appellants assert their wrongful foreclosure claim under Arizona and Nevada law and Appellants' "False Document claim" is for the violation of an Arizona statute, ARS § 33-420. *Pilgeram* is therefore entirely irrelevant here.

Furthermore, the law is well-settled in both Arizona and Nevada that MERS is a valid beneficiary. Arizona courts, in deciding whether a party is a beneficiary under a deed of trust, examine the language used and the intent of the parties in the

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
January 15, 2014
Page 2

Morgan Lewis
COUNSELORS AT LAW

deed of trust.  *Sparlin v. BAC Home Loans Servicing, L.P.*, 2011 WL 2695645, at *6 (Ariz. App. May 24, 2011); *Largent v. Bank of New York Trust Co., N.A.*, 2013 WL 6199979, at *2 (Ariz. App. Nov. 26, 2013).  And this Court has already held that "under Arizona law, MERS may serve as a beneficiary."  *Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163, 1169 (9th Cir. 2013).  Likewise, the Nevada Supreme Court has held that, under Nevada law, "MERS is . . . a valid beneficiary of a deed of trust."  *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 260 (Nev. 2012).  Given the Arizona and Nevada law directly on point, Appellants' reliance on *Pilgeram,* a Montana case, is misplaced.

Because *Pilgeram* is irrelevant to this appeal and MERS is a valid beneficiary under both Arizona and Nevada law, the Court should disregard Appellants' letter submitting *Pilgeram* as supplemental authority.  For the reasons set forth in Appellees' Answer Briefs, the district court properly dismissed Appellants' wrongful foreclosure and "False Document" claims.  MERS Defendants' Br. at 42-47; Joint Defendants' Br. at 33-47.

Sincerely,

*s/ Robert M. Brochin*
Robert M. Brochin
*Counsel for Appellees MERSCORP, Inc. n/k/a MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc.*


*s/ Thomas M. Hefferon*
Thomas M. Hefferon
*Counsel for Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc. (for itself and as sued under trade name America's Wholesale Lender), First Horizon Home Loan Corp., ReconTrust Co., N.A., and Wells Fargo Bank, N.A., sued also as America's Servicing Company*