Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard
Suite 5300
Miami, FL  33131-2339
Tel.  305.415.3000
Fax: 305.415.3001
www.morganlewis.com

**Robert M. Brochin**
305.415.3456
rbrochin@morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

February 20, 2014

Ms. Molly C. Dwyer
Clerk, United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, California  94103-1526

Re:   *Robinson et al. v. American Home Mortgage Servicing, Inc. et al.*
      No. 11-17615

Dear Ms. Dwyer:

Pursuant to Rule 28(j), undersigned Appellees respond to Appellants' letter concerning *Steinberger v. McVey*, 2014 WL 333575 (Ariz. Ct. App. 2014).

Appellants wrongly assert *Steinberger* supports their "wrongful foreclosure claims, i.e., that MERS was not a 'beneficiary.'"  *Steinberger,* however, did not involve a wrongful foreclosure claim, but rather a claim to vacate a notice of trustee sale *prior to* foreclosure.  2014 WL 333575, at *8.  And the court stated that its decision only applied to claims to avoid a trustee's sale.  *Id.  Steinberger* did not recognize a wrongful foreclosure claim and "no Arizona state court has recognized the tort of wrongful foreclosure."  *Contreras v. U.S. Bank*, 2009 WL 4827016, at *5 (D. Ariz. 2009).

Likewise, *Steinberger* does not support Appellants' contention that "MERS [is] not a 'beneficiary.'"  To the contrary, *Steinberger* held "MERS [was] the original beneficiary" and rejected the argument that MERS lacked authority to assign the deed of trust because it never possessed the promissory note.  2014 WL 333575, at *5 n.11.  Indeed, as this Court already held, "under Arizona law, MERS may serve

Molly C. Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
February 20, 2014
Page 2

**Morgan Lewis**
COUNSELORS AT LAW

as a beneficiary." *Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163, 1169 (9th Cir. 2013).

Finally, Appellants assert *Steinberger* supports their "False Documents" claim because "the court recogni[zed] . . . the foreclosure documents were robosigned." The court did no such thing, and instead merely held that the plaintiff stated a claim under the particular facts of that case. Moreover, Appellants fail to note (and *Steinberger* did not address) that even if deed of trust assignments were not properly executed, they are merely voidable, not void; they remain valid and binding unless a party to the assignment voids the document; and Appellants do not allege that any principal avoided an assignment by MERS. MERS Defendants Br. at 39-40. These principles doom the "False Documents" claim.

*Steinberger* does not support Appellants' arguments, and in fact supports Appellees' contention that MERS is a valid beneficiary. For the reasons previously explained, the district court properly dismissed Appellants' wrongful foreclosure and "False Document" claims. MERS Defendants Br. at 39-40, 42-47; Joint Defendants' Br. at 33-47.

Sincerely,

*s/ Robert M. Brochin*
Robert M. Brochin

*Counsel for Appellees MERSCORP, Inc. n/k/a MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc.*

*s/ Thomas M. Hefferon*
Thomas M. Hefferon

*Counsel for Bank of America, N.A., for itself and as successor by merger to BAC Home Loans Servicing, LP, Countrywide Home Loans, Inc. (for itself and as sued under trade name America's Wholesale Lender), First Horizon Home Loan Corp., ReconTrust Co., N.A., and Wells Fargo Bank, N.A., sued also as America's Servicing Company*

DB1/ 77758857.2